**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Tyrese L. L., | Case No. 21-cv-1411 (DTS) |
| Claimant, | |
| v. | **ORDER** |
| Kilolo Kijakazi, *Acting Commissioner of Social Security*, | |
| Defendant. | |

## INTRODUCTION

Claimant Tyrese L. L. brings this action contesting the denial of his application for disability insurance benefits. He asserts the Administrative Law Judge (ALJ) who decided his claim erred on the merits and lacked the authority to decide the matter in any event. For the reasons set forth in *Brian T. D. v. Kijakazi*, No. 19-cv-2542, 2022 WL 179540 (D. Minn. Jan. 20, 2022), the Court finds that because the ALJ was not constitutionally appointed he lacked authority to decide Claimant's case. The Court therefore grants Claimant's summary judgment motion, vacates the ALJ's decision, remands the matter for it to be decided by a properly appointed ALJ, and denies Defendant's summary judgment motion.

## ANALYSIS

On January 20, 2022, this Court determined that the ALJ who heard and decided the *Brian T. D.* claimant's case lacked authority to do so because Nancy Berryhill's purported ratification of that ALJ's appointment was ineffective under the Federal Vacancies Reform Act (FVRA). *Brian T. D.*, 2022 WL 179540 at *17. The ALJ in that case

had heard and decided claimant's case pursuant to Berryhill's ratification. *Id.* at *4-5, 7. Claimant Tyrese L. L. argues the ALJ who heard and decided his case, David Washington, likewise lacked authority. Cl. Mem. 42, Dkt. No. 21; Cl. Reply 1, Dkt. No. 28. Defendant concedes that "ALJ Washington is similarly-situated to the ALJ who presided over [the] claim in *Brian T. D.*" Letter, Dkt. No. 30.[1]

ALJ Washington was appointed in June 1995. *Id.* He held a hearing in Claimant's case on August 25, 2020 and issued his decision on September 9, 2020. R. 61, 93. At the time of the hearing and decision, ALJ Washington acted pursuant to the 1995 appointment and subsequent Berryhill ratification. Letter 1. Because ALJ Washington heard and decided Claimant's case pursuant to Berryhill's ratification, Claimant is entitled to relief according to *Brian T. D.* Therefore, the ALJ's decision is vacated and Claimant's disability claim is remanded to the SSA for a new hearing before a different, ***properly appointed*** ALJ. *Brian T. D.*, 2022 WL 179540 at *16. Because Claimant is entitled to relief according to *Brian T. D.*, this Court need not address other FVRA-related issues raised by Claimant. *Id.*

Claimant also argues ALJ Washington erred because the denial of benefits was not supported by substantial evidence. Cl. Mem. 25-40, 44; Cl. Rely 1-2. Claimant asks the Court to reverse the decision on the merits and remand the claim for further proceedings. *Id.* Because this Court vacates the entire decision for the same reasons discussed in *Brian T. D.* and remands for a hearing before a different, properly appointed ALJ, Claimant will necessarily have a renewed opportunity to present his claim to the

---

[1] Although the Court's February 16, 2022 Order [Dkt. No. 29] permitted Claimant to reply to Defendant's letter, the Defendant's concession requires no reply and the Court can decide the summary judgment motions on the record before it.

2

SSA. The ALJ will be required to look anew at the record, receive testimony, and decide on the merits.

## ORDER

The Court, being duly advised in the premises, upon all the files, records, and proceedings herein, now makes and enters the following Order.

**IT IS HEREBY ORDERED**:

1. Claimant's Motion for Summary Judgment [Dkt. No. 20] is **GRANTED**. The Commissioner's decision is **VACATED** in its entirety and this case is **REMANDED** for a new hearing before a properly appointed ALJ who is not the same ALJ that presided over Claimant's first hearing.

2. Defendant's Motion for Summary Judgment [Dkt. No. 26] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated: March 9, 2022                          s/David T. Schultz
                                                                               DAVID T. SCHULTZ
                                                                               U.S. Magistrate Judge